IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TAMISHA LEWIS-JUNGE,<br><br>               Plaintiff,<br><br>     v.<br><br>HILAND MOUNTAIN CORRECTIONAL CENTER; OFFICE OF CHILDREN SERVICES; and ANCHORAGE SCHOOL DISTRICT, et. al,<br><br>               Defendants. | Case Nos. 3:25-cv-00201 RRB<br><br>3:25-cv-00202 RRB<br><br>3:25-cv-00210 RRB |

## ORDER OF DISMISSAL

On December 5, 2025, the Court screened sixty-three cases filed by self-represented prisoner Tamisha Lewis-Junge ("Plaintiff"). The Court found all sixty-three cases deficient, but granted Plaintiff leave to file either a First Amended Complaint or a Notice of Voluntary Dismissal in each of the three above-captioned cases.[1] The Court warned Plaintiff that failure to file such a document with the Court within 60 days of the Court's Screening Order would result in dismissal of these cases without further notice to Plaintiff.[2] To date, Plaintiff has not responded.

---

[1] *See* Docket 6 in each of the three cases.

[2] *Id*. at 30.

**DISCUSSION**

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[4] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

weighs against dismissal because public policy favors disposition on the merits.[8] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[9] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's Order at Docket 6 accorded Plaintiff an opportunity to file a First Amended Complaint and warned her of the potential dismissal of this action in the event of noncompliance.[11]

Based on the foregoing, these cases must be dismissed for failure to prosecute. The dismissal shall be without prejudice so as to preserve Plaintiff's ability to seek relief.[12] The Court finds no other lesser sanction to be satisfactory or effective in these cases.[13]

---

[8] *Pagtalunan*, 291 F.3d at 643.

[9] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

[10] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[11] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[12] *Id.*

[13] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

**IT IS THEREFORE ORDERED:**

1. The above-captioned cases are **DISMISSED without prejudice**.

2. Any pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 20th day of February, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                 RALPH R. BEISTLINE
                                   Senior United States District Judge